IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WESTERN WATERSHEDS PROJECT, | ) ) ) | Case No. CV-97-519-S-BLW |
| Plaintiff, | ) ) ) | **MEMORANDUM DECISION AND ORDER** |
| v. | ) ) | |
| THOMAS DYER, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**MEMORANDUM DECISION**

The Court has before it a motion to reopen case and a motion to allow the filing of a supplemental complaint. The Court granted the former motion, and took under advisement the latter, after holding oral argument on November 27, 2007. Because WWP's counsel made representations at the hearing that might warrant responses, the Court allowed further briefing, which has now been received and reviewed. For the reasons expressed below, the Court will grant the motion to allow the filing of the supplemental complaint.

Rule 15(d) allows the filing of a supplemental complaint challenging matters occurring after the original complaint was filed. *See Griffin v. County School Board*, 377 U.S. 218 (1964). The Rule is to be "liberally construe[d] . . . absent a

**Memorandum Decision and Order - Page 1**

showing of prejudice." *Keith v. Volpe*, 858 F.2d 467, 473-5 (9th Cir. 1988).

The liberality of Rule 15(d) is sorely tested here. This case is a decade old, and the proposed supplemental complaint appears, on its face, to raise a broad array of open-ended issues. These factors made the Court reluctant to allow supplementation; at most, it appeared the case should be reopened merely to resolve the limited compliance issues.

At the hearing, however, WWP's counsel stated that count one of the supplemental complaint only challenges 32 permits for which no final decisions have been issued by the BLM, and counts two through seven only challenge grazing on three allotments: (1) Pole Creek, (2) Trout Springs, and (3) Castlehead-Lambert. Resolution of these claims would appear to require some interpretation of the Court's prior decisions in this case.

These factors place the supplemental complaint more squarely within Rule 15(d)'s terms. Intervenors Ted and Dorothy Payne respond that they have "been engaged in lengthy negotiations aimed at better management of the [Pole Creek] allotment" with the BLM. *See Payne Supplemental Brief* at p. 4. While that fact might encourage WWP to drop Pole Creek from the supplemental complaint, it does not block the filing of that document, given the liberal provisions of Rule 15.

Glenns Ferry Grazing Association, and others, have argued that there is no

**Memorandum Decision and Order - Page 2**

active complaint to be supplemented.  *See Glenns Ferry Supplemental Brief* at p. 2. However, the Court granted WWP's motion to reopen the case, and thus there is an extant complaint to be supplemented.

The intervenors also argue that the supplementation is futile because it is jurisdictionally barred.  WWP responds that it is challenging the BLM's decision to allow grazing under 1997 permits that have expired.  The jurisdictional issue is not so clear that the Court could hold now that any supplementation would be futile.

Finally, the BLM asserted that it has complied with the Court's prior Orders. Those assertions, however, are rebutted by WWP, and their resolution must await litigation over the supplemental complaint.

For all these reasons, the Court will grant WWP's motion to allow filing of the supplemental complaint, given the limitation of that complaint set forth by WWP's counsel.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reopen case and allow filing of supplemental complaint (docket no. 322) is GRANTED, and the Clerk is directed to file the First Supplemental Complaint (Docket No.

**Memorandum Decision and Order - Page 3**

323).

IT IS FURTHER ORDERED, that the Clerk shall reopen this case as an active case on the docket.



DATED: **December 3, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - Page 4**