IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>      Plaintiff,<br><br>v.<br><br>TOM DYER, Idaho State Director, et al.,<br><br>      Defendants. | Case No. CV-97-519-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it numerous pending motions that present a logistical challenge and require direction from the Court. In this decision, the Court will clarify which motions will be heard at the hearing set for May, 15, 2008, and will resolve a number of other motions on the briefs. The Court's reasoning is set out below.

**1.   BLM's Motion to Clarify**

In an earlier decision, the Court expressed its reluctance to allow WWP to file an amended complaint, but ultimately relented after WWP's counsel substantially limited the scope of the amendments with his comments at oral argument. The Court's decision made it clear that those limitations – orally

**Memorandum Decision and Order – Page 1**

expressed by WWP's counsel at the hearing – were deemed by the Court to be part of the amended complaint.

The BLM now seeks clarification, pointing out that the broad language of the amended complaint remains of record.  The BLM asks the Court to require WWP to file another amended version of the complaint that strikes the broad language and clearly sets forth the claims as represented by WWP's counsel at oral argument.

The Court agrees.  While WWP argues that this is unnecessary because it will not deviate from its comments – and the Court has complete confidence in that assertion – the BLM is nevertheless entitled to have the claims against it reduced to writing so it knows precisely what it must defend.  The Court will therefore grant the BLM's motion and require WWP to file an amended version of the complaint that clearly limits (1) the first claim to the 32 permits for which no final decisions have been issued by the BLM, and (2) claims two through six to the Pole Creek, Trout Springs, and Castlehead-Lambert allotments.

2. **BLM's Motion to Vacate**

The BLM seeks to vacate the hearing set for May 15, 2008, on the ground that WWP has added too many motions to the hearing and that it must await the filing of the administrative record.  The hearing was originally set up to resolve

**Memorandum Decision and Order – Page 2**

intervenors' motions to dismiss. Subsequently, WWP added to the hearing three of its own motions – more specifically, its motions for partial summary judgment on (1) its first claim, (2) its third claim regarding Pole Creek and Castlehead allotments, and (3) its third, fourth, and sixth claims regarding the Trout Springs Allotment. The last of these motions was filed on April 10, 2008.

WWP objects to vacating the hearing because of the emergency nature of the relief they seek. WWP's third motion regarding the Trout Springs Allotment does seek immediate injunctive relief prior to cattle turn-out on June 15, 2008. Because the Court has no time between May 15, 2008, and June 15, 2008, to hear the Trout Springs motion, the Court will deny the motion to vacate the hearing as to that motion.

However, WWP's other two motions do not seek immediate injunctive relief, and add an overwhelming amount of material to the May 15th hearing. Accordingly, the Court will grant the motion to vacate as to those two motions (WWP's motions on claim one and its third claim regarding the Pole Creek and Castlehead allotments).

The BLM argues that all of WWP's motion must await the filing of an administrative record. WWP responds that this is not a record review case. That issue is open for argument at the May 15th hearing. If the Court sides with the

**Memorandum Decision and Order – Page 3**

BLM it will set an expedited schedule for the filing of the record before making any further decisions. If the Court sides with WWP, it will proceed without the record.

For all these reasons, the Court will deny the BLM's motion to vacate the May 15th hearing.

3. **BLM's Motion to Stay Response WWP's Motions re 1st and 3rd Claims**

The BLM seeks an indefinite stay of consideration of WWP's motion regarding its first and third claims (regarding Pole Creek and Castlehead allotments). While the Court has ruled that these two motions will not be heard on May 15th, the Court finds no need to stay the briefing on the motions. The Court recognizes that the parties have withheld filing briefs given the numerous unresolved pending motions. But the Court has now resolved many of those motions, and given the parties clear direction as to how this case will proceed. Accordingly, the Court will deny the BLM's motion for a stay. The Court will, however, grant the parties 21 days from the date of this decision to file their responses to WWP's two motions (Docket Nos. 409 and 410).

4. **Intervenors' Motions**

The Intervenors have filed motions that raise many of these same issues and the they will be resolved as set forth above.

**Memorandum Decision and Order – Page 4**

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to clarify (Docket Nos. 390 and 392) are DENIED.

IT IS FURTHER ORDERED, that the hearing on May 15, 2008, shall be limited to a consideration of the following motions: (1) Motion to dismiss (Docket No. 400), and (2) Motion for partial summary judgment on third, fourth, and sixth supplemental claims for relief for Trout Springs Allotment (Docket No. 417).

IT IS FURTHER ORDERED, that the motion to vacate (Docket No. 421) is DENIED.

IT IS FURTHER ORDERED, that the motions to stay (Docket Nos. 415 and 422) are DENIED.

IT IS FURTHER ORDERED, that response briefs to WWP's motions (Docket Nos. 409 and 410) will be due on or May 9, 2008.

IT IS FURTHER ORDERED, the motion to intervene (Docket No. 369) is GRANTED to the same extent as prior interventions.

IT IS FURTHER ORDERED, that the motion for leave to appear special/limited notice of appearance (Docket No. 366) is DEEMED MOOT.

DATED: **April 18, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court